Jason Lee MIDKIFF, Petitioner–
Appellant,

v.

Robert O. LAMPERT, Respondent–
Appellee.

No. 03–35820.

D.C. No. CV–01–01285–OMP/JE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided March 1, 2005.

Craig E. Weinerman, Esq., Office of the Federal Public Defender, Eugene, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before T.G. NELSON and RAWLINSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Jason Midkiff appeals the district court's denial of his petition for writ of habeas

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

corpus pursuant to 28 U.S.C. § 2254. Midkiff alleges violations of his Sixth and Fourteenth Amendment rights when the trial judge denied his motion to substitute counsel on the eve of the trial and failed to conduct an adequate inquiry into the allegations supporting the motion. As the parties are familiar with the facts of this case, we do not restate them here.[1]

A federal court may grant habeas relief only if a state court decision is "contrary to" or involves an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 73–75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

■ Supreme Court law Midkiff cites does not support his contention that due process required the court to conduct an inquiry into his allegations of conflict. Those cases address conflicts of interest of lawyers representing multiple defendants, not alleged conflicts arising from poor communication and a disagreement over trial strategy between a defendant and his lawyer. *See Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■ Nor has Midkiff shown that he was denied his Sixth Amendment right to counsel. In the state court Midkiff merely claimed that his attorney failed to contact all of the witnesses Midkiff identified and that his attorney had not provided Midkiff with complete discovery. He expressed concern over the way counsel has handled his representation and that communication between them had deteriorated to the point where adequate representation was no longer possible but claimed no irreconcilable conflict. The Sixth Amendment

right to counsel does not guarantee a "meaningful relationship" between the accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). In evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). We find no denial of Midkiff's rights.

AFFIRMED